DUNCAN McDOUGALL, APPELLANT, v. JAMES L. TRAVIS, RESPONDENT.

*Replevin — will not lie against one holding the property as the servant of another.*

An action of replevin cannot be maintained against a freight agent of a railroad company for a refusal to deliver freight to the consignee thereof until certain charges thereon have been paid, where he makes no claim to, and has no possession or control of the property except as the agent or servant of the company.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*M. J. Shoecraft*, for the appellant.

*Charles Stebbins*, for the respondent.

LEARNED, P. J.:

A consignor shipped corn to the plaintiff by the New York Central and Hudson River Railroad Company. On its arrival at Canastota, and after the delivery of a part, the company, through the

defendant, its freight agent at that place, refused to permit the delivery of the rest until the payment of five dollars per day for the use of the car for every day after twenty-four hours from its arrival at Canastota. The defendant had no possession or control of the corn, except as the agent or servant of the company. The plaintiff brought replevin and took the corn. The referee found that he was not entitled to recover against the defendant, and directed judgment for costs. The plaintiff appeals.

The corn came lawfully into the possession of the New York Central and Hudson River Railroad Company, and it remained in their possession at the time when the action was commenced. It was not in the possession of the defendant, and he had no control over it, except as the servant of the company. As it was not in the defendant's possession, it could not be rightfully taken by replevin against him. For instance, if one were in possession of furniture in one's own house, a person claiming it could not maintain replevin against the servant who should refuse to deliver it on demand. Replevin is to be brought against the person in possession, not against one who is the mere servant of the possessor. None of the cases cited by the plaintiff are in conflict with this rule.

The plaintiff argues that whoever does the wrong is liable. He does the wrong who, being in possession wrongfully, refuses to surrender. He does not do the wrong who is not in possession. And it is not every exercise of physical power over the thing in question which constitutes possession.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.